UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CHRISTOPHER L. HARRIS,<br>　　Petitioner,<br><br>V.<br><br>WARDEN J.C. HOLLAND,<br><br>　　Respondent. | Civil No. 6: 15-2-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

　　Christopher L. Harris is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Kentucky. [R. 1] That Court promptly transferred the petition to this Court because Harris filed it in the wrong venue. [R. 3]

　　As a preliminary matter, Harris did not pay the $5.00 filing fee upon the filing of his petition, nor did he file a motion to proceed *in forma pauperis*. A review of the Court's online PACER database establishes that in the years since his conviction, Harris has filed dozens of habeas corpus petitions pursuant to Section 2241, *see Harris v. Holder*, No. 1:14-CV-11734, 2014 WL 4999196, at \*1-6 (S.D. W. Va. Aug. 26, 2014) (identifying prior cases), and is plainly aware of his obligation to pay the filing fee required by 28 U.S.C. § 1914, but has nonetheless repeatedly failed to do so. *Cf. Harris v. Holland*, No. 6:14-220-DLB (E.D. Ky. 2014); *Harris v. McGrew*, No. 2:13-CV-3810-PSG-JPR (C.D. Cal.), appeal dismissed, 13-56107 (9th Cir. 2013).

The Court will therefore assess the five dollar filing fee and direct its payment from Harris's inmate account.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Harris's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On November 1, 1999, Harris pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846, and was sentenced to a 300-month term of incarceration and a $2,000.00 fine. *United States v. Harris*, No. 1:98-CR-121-SEB-DKL-3 (S.D. Ind. 1998) [R. 53 therein]. Harris alleges that the judgment also imposed a $4 million "non-committed" penalty [R. 1, p. 1], but this penalty does not appear in the criminal judgment. Harris contends that the government's refusal to accept a promissory note from him in full satisfaction of the alleged $4 million penalty violates state law versions of the Uniform Commercial Code and his rights under the federal Constitution. [R. 1, pp. 2-3] Harris also implies that upon acceptance of his promissory note, he is entitled to release from custody. [R. 1, p. 3-5]

Harris has made this argument before to the trial court, which correctly found it to be wholly meritless. *United States v. Harris*, No. 1:98-CR-121-SEB-DKL-3 (S.D. Ind. 1998) [R. 86 therein ("the defendant is serving the executed portion of the sentence imposed in the above action and his requests are based on the mistaken premise that the judgment entered in the case represents a commercial transaction which can be satisfied—to secure his release—by the posting of a bond.")]  He has also asserted it, in various forms, in numerous § 2241 petitions, all of which were denied as substantively frivolous, not cognizable under § 2241, or both. *Cf. Harris v. Wands*, 410 F. App'x 125 (10th Cir. 2011) ("Mr. Harris does not appear to challenge the validity of his conviction, only its execution, and he does so based on principles of contract law. Despite his arguments to the contrary, however, Mr. Harris's sentence is not the creation of civil commercial transactions."); *Harris v. Kammerzell*, 440 F. App'x 627 (10th Cir. 2011) (same, and affirming the district court's imposition of pre-filing restrictions); *Harris v. Holder*, No. 1:14-CV-584, 2014 WL 4388263 (S.D. W. Va. Sept. 3, 2014) (same).  The Court agrees with these decisions, and concludes, as did the Tenth Circuit, that "Mr. Harris's use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws." *Harris*, 410 F. App'x at 147.  Harris's petition will therefore be denied.

Harris's ongoing and abusive litigation conduct recently prompted the Seventh Circuit to impose both monetary sanctions and filing restrictions upon Harris. *United States v. Harris*, No. 12-3744 (7th Cir. March 18, 2013) ("Harris is fined $500, and the court enters an order in the form prescribed by *Alexander* providing that clerks of courts within the circuit will return, unfiled, any future papers he tenders, until he pays the fine.").  Harris is cautioned that further abusive filings within this district – whether filed in this Court or transferred here by other

Courts because Harris has filed the pleading in the wrong district – will result in the imposition of similar sanctions.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall open an account in Harris's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Harris's name, (b) his inmate registration number, and (c) this case number. The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Harris is currently confined.

2. Harris's custodian shall send the Clerk of the Court a payment in the amount of $5.00 out of Harris's inmate trust fund account, but only if the total amount in his inmate account exceeds $10.00.

3. Harris's petition for a writ of habeas corpus [R. 1] is **DENIED**.

4. The Court will enter a judgment contemporaneously with this order.

5. This matter is **STRICKEN** from the docket.

Dated May 18, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY